BAKER & MCKENZIE

Baker & McKenzie LLP
815 Connecticut Avenue, NW
Washington, DC 20006-4078, USA

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakernet.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe & Middle East**
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**North & South America**
Bogota
Brasilia
Buenos Aires
Calgary
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

March 7, 2006

A. Duane Webber
+1 202 452 7040
a.duane.webber@bakernet.com

**Via Electronic Court Filing**

The Honorable Thomas C. Wheeler
The Honorable Mary Ellen Coster Williams
The United States Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005

RE: Status Conference in Krasney v. United States, Docket No. 06-105T TCW

Dear Judge Wheeler and Judge Williams:

We are counsel to the plaintiffs in the matter of Radioshack Corporation v. United States, Docket No. 06-28T MCW.. We respectfully request rescheduling of the status conference set in Judge Wheeler's scheduling order, dated March 3, 2006, as referenced by Judge Williams' notice entry, also dated March 3, 2006 (the "Order"), in the matter of Krasney v. United States, Docket No. 06-105T TCW (the "Status Conference").

Due to previously scheduled travel, counsel for Radioshack is not available on March 21, 2006, but is available on March 17, 2006. Accordingly, counsel for Radioshack respectfully requests that any Status Conference relating to these matters be moved to March 17, 2006. Counsel for Radioshack has discussed the scheduling of a Status Conference with lead counsel in the Krasney matter and with counsel for the United States, and both counsel have represented that they are available to participate in a Status Conference on March 17, 2006.

Although we are pleased to participate in any Status Conference that the Court deems appropriate, and we also are open to the potential consolidation of the Radioshack action with any other action that asserts similar claims and that survives a motion to dismiss, counsel for Radioshack believe that the currently contemplated Status Conference is premature. Based on actions taken by the Department of Justice in another purported class action in this Court to recover excise taxes with allegations very similar to those in the Krasney Complaint, it is reasonable to assume that the Department of Justice will file a motion to dismiss the Krasney Complaint. See Motion to Dismiss in Rosenberg v. United States, Docket No. 05-1272 T (filed February 17, 2006). Therefore, we respectfully submit that it would be appropriate to defer any Status Conference for the purpose of discussing possible coordination or consolidation until such time as the Krasney Complaint has either survived a motion to dismiss or the Department of Justice has filed an Answer to that Complaint.

Further, it appears that the Krasney Complaint does not contain claims that are similar to those asserted in the Radioshack Complaint. Most, if not all, of the lead plaintiffs in Krasney appear to be claiming refunds of excise tax paid with respect to charges paid ***for***

***wireless telephone service***. See Krasney Complaint at Paras. 8 (referencing Cingular and Nextel), 9 (referencing T-Mobile), 10 (referencing T-Mobile), and 11 (referencing Verizon Wireless). Thus, although the Krasney Complaint cites America Online, Inc. v. United States, 64 Fed. Cl. 571 (Fed. Cl. 2005), and other similar excise tax cases that address toll telephone services the charges for which do not vary based on distance, none of those cases involved wireless telecommunication services, which typically are charged (and thus taxed) in a manner very different from the charges for the toll telephone services at issue in such cases. Finally, the Krasney Complaint requests, in addition to a refund of taxes (the only substantive Count in the Radioshack Complaint): (i) a writ of mandamus against the IRS; and (ii) declaratory judgment against the IRS, both of which claims for relief most likely will cause the Department of Justice to file a motion to dismiss, as it did in the Rosenberg case.

Based on the foregoing, counsel for Radioshack respectfully suggests that the scheduled Status Conference be continued until after the Court rules on any motion to dismiss filed by the United States in Krasney (or, if no such motion is filed, until after the Answer is filed in that case). If the Court nonetheless so directs, counsel for Radioshack will participate in a Status Conference on March 17, 2006, or such other date as is mutually acceptable to the Court and the parties.

Most respectfully,

Duane Webber jpt

A. Duane Webber

cc: G. Robson Stewart, Esquire (via ECF)
Nicholas E. Chimicles, Esquire (via ECF)
R. Montgomery Donaldson, Esquire (via ECF)
George M. Clarke III, Esquire (via ECF)
Robert H. Albaral, Esquire (via ECF)
Patrick J. Ahern, Esquire (via email)