Chimicles & Tikellis LLP

ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
James R. Malone, Jr.
Michael D. Gottsch
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly M. Donaldson
M. Katherine Meermans
Joseph G. Sauder
Daniel B. Scott
Fatema E.F. Burkey
Robert R. Davis
Kimberly M. Litman
Timothy N. Mathews
A. Zachary Naylor *
Timothy P. Briggs
Daniel J. Brown *
Benjamin F. Johns

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin
Candice L.H. Hegedus

*Attorneys admitted to Jurisdiction other than PA

March 8, 2006

The Honorable Thomas C. Wheeler
The Honorable Mary Ellen Coster Williams
The United States Court of Federal Claims
717 Madison Place, NW
Washington, DC 20005

Re: <u>RadioShack Corporation, on behalf of itself and others similarly situated v. The United States</u>, No. 06-028T MCW

<u>Krasney, et al., on behalf of themselves and all other similarly situated taxpayers v. The United States, et al.</u>, No. 06-105T TCW

Dear Judge Wheeler and Judge Williams,

We, with Montgomery, McCracken, Walker & Rhoads, LLP, are counsel for the Plaintiffs in *Krasney, et al., on behalf of themselves and all other similarly situated taxpayers v. The United States, et al.*, Docket No. 06-105T TCW ("*Krasney*"). We are writing in response to the letter submitted to this Court on yesterday ("March 7 letter") by counsel for the Plaintiff in *RadioShack Corporation on behalf of itself and others similarly situated v. The United States, et al.*, Docket No. 06-028T MCW ("*RadioShack*").

We respectfully disagree with the position of Plaintiff's counsel in *RadioShack* that a Status Conference is premature. Indeed, we respectfully submit that the length of and issues raised in the March 7 letter demonstrate why such a Status Conference is necessary. While the March 7 letter attempts to distinguish the nature of the claims raised in the *Krasney* and *RadioShack* Complaints, it does not address our primary concern; namely, that the class as originally defined in the Complaint in *RadioShack* has been significantly expanded by the definitions of the classes contained in the Motion for Class Certification in that case, such that the classes in *RadioShack* now materially coincide with the putative classes in *Krasney*. Specifically, the class definition in the *RadioShack* Complaint was originally limited to taxpayers that elected to be included in that action, but the class definition in the Motion for Class Certification essentially encompasses *all* taxpayers that are "otherwise entitled to a refund." <u>See</u> <u>Motion for Class Certification in RadioShack</u> (filed February 24, 2006).

The pendency of the *Rosenberg* case, which is pending before the Honorable Susan G. Braden, is something that should be addressed at a status

WILMINGTON OFFICE
One Rodney Square
P.O. Box 1035
Wilmington DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053

conference to be held in these two cases. There are similarities among the *Rosenberg*, *RadioShack* and *Krasney* cases; there are also significant differences. By first addressing procedural steps that may be appropriate to be taken to most efficiently handle the *RadioShack* and *Krasney* cases, the Court and the parties will be better able to assess whether further steps should be taken to address the involvement of *Rosenberg* in conjunction with the *RadioShack* and *Krasney* cases.

We respectfully disagree with the suggestion of *RadioShack's* counsel that there is a meaningful difference between the claims of that case and those asserted in *Krasney* because the lead Plaintiffs in *Krasney* are wireless telephone customers. Even if there were such a distinction, which we believe there is not, it could be easily addressed in an amended *Krasney* complaint.

Finally, it is unnecessary to delay the Status Conference based on speculation about the next procedural move that the Government may take in *Krasney*. We believe that *RadioShack's* counsel, with no apparent basis, assumes the actions that the Government will take in response to the *RadioShack* and *Krasney* complaints will differ. A conference with the Court can explore these matters and provide Government counsel (who is the same in both cases) with an opportunity to discuss the Government's plans. This should afford the parties and the Court with helpful input that will assist all of us in planning future proceedings.

It is disturbing that comparably situated victims of an improperly collected tax would be reduced to undermining each other in this type of litigation. We will not be drawn into that type of internecine conduct. It would be more beneficial to all parties involved to have a meaningful dialogue about how to resolve the significant problems that led to the initiation of these actions in the first place. Accordingly, we respectfully request this Court to hold the Status Conference as originally ordered, for which we are available on March 17, 2006.

Respectfully yours,

Nicholas E. Chimicles

cc: All Counsel (via ECF)