IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-105 T
(Judge Wheeler)

REGINALD A. KRASNEY, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES
TO DISMISS THE COMPLAINT

Pursuant to RCFC 12(b)(1) and (6) the defendant moves this Court for an order dismissing the claims set forth in the complaint in the above-captioned case because the complaint fails to state a cause of action with respect to the First and Second Claims for Relief, and this Court lacks jurisdiction over the Third Claim for Relief. In support of this motion the defendant submits the following memorandum.

STATEMENT

The complaint was filed in this action on February 10, 2006, and is styled as a "class action" complaint.[1] Plaintiffs allege that their claims are representative of the claims of the potential class members and that they are proper representatives

[1] There are two other cases pending in this court in which the parties allege they represent a similar class as identified in the complaint in the above-captioned case. These cases are *Linda Rosenberg v. United States*, Fed. Cl. No. 05-1272 T and *Radioshack Corp. v. United States*, Fed. Cl. No. 06-28 T.

of the class. (Comp. ¶¶ 47, 48.) The potential class members are those individuals and businesses who paid the telephone excise tax provided in 26 U.S.C. § 4251 on certain telecommunication services they purchased.[2] (Comp. ¶ 43.) Although the complaint alleges that the potential class could consist of "millions of consumers," only the named plaintiffs are identified. (Comp. ¶ 44.) The complaint contains three substantive claims for relief. The First Claim for Relief seeks a writ of mandamus requiring the Commissioner of the Internal Revenue Service to perform certain actions. The Second Claim for Relief seeks declaratory judgment against the IRS. The Third Claim for Relief seeks a refund of the excise taxes collected from plaintiffs pursuant to § 4251.[3] The complaint states that on February 9, 2006, plaintiffs filed their claims for refund with the IRS. (Comp. ¶¶ 8-12.)

DISCUSSION

This motion addresses whether the First and Second Claims for Relief set forth claims upon which relief may be granted and whether the Court has jurisdiction over the claim set forth in the Third Claim for Relief of the complaint. Because of the jurisdictional defects discussed below, it is not necessary to address plaintiffs' allegations concerning the application of the

---

[2] Excluded from the class would be any taxpayer who has received a refund of the excise tax or who chooses to pursue a refund claim on an individual basis.

[3] Unless otherwise stated, references to "section" or "§" refers to the Internal Revenue Code, 26 U.S.C.

§ 4251 communications excise tax or plaintiffs' attempt to institute a class action. Because this case is a tax refund suit at its core, the Third Claim for Relief will be addressed first.[4]

A. <u>The Court lacks jurisdiction over the Third Claim for Relief because plaintiffs ignored § 6532(a) and filed the complaint less than six months after the claims for refund were filed</u>

Plaintiffs bear the burden of establishing subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936); *Walker v. United States*, 40 Fed. Cl. 666, 669 (1998). The Court of Federal Claims is a court of limited jurisdiction and the Tucker Act, 28 U.S.C. § 1491, delineates the basis of the Court's jurisdiction:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Section 1491, however, does not create any substantive right enforceable against the United States for money damages; rather, it "merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). To maintain a suit in this Court, plaintiffs must demonstrate that their right to recovery is based on some provision of the Constitution, an act of Congress, or an executive department regulation, which

---

[4] There is a Fourth Claim for Relief which seeks recovery of costs and attorneys' fees but it is contingent on the viability of the other claims for relief.

specifically waives the Government's sovereign immunity and authorizes suit against the Government for money damages. *See United States v. Mitchell*, 463 U.S. 206, 216-17 (1983). In other words, maintenance of a suit here depends on "whether the statutes or constitutional provisions allegedly violated, require the payment of money damages for the violation." *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987).

Plaintiffs' Third Claim for Relief is for the refund of excise tax alleged to have been improperly and illegally collected by the IRS. The specific waiver of sovereign immunity that allows taxpayers to bring a suit for a refund of taxes paid is contained in § 7422(a). Section 7422(a) provides that taxpayers may seek "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * *." § 7422(a). A waiver of sovereign immunity, however, must be strictly construed to conform with any limitations upon that waiver imposed by Congress. *See Dalehite v. United States*, 346 U.S. 15, 31 (1953). In tax refund suits, there are specific limitations on the waiver of sovereign immunity for suits under § 7422(a). As relevant here, § 6532(a)(1) provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax * * * shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time * * *." The purpose of this provision is to "allow[ ] the IRS the opportunity to

investigate and adjust claimed errors before a court intervenes." *Thomas v. United States, 56 Fed. Cl. 112, 120 (2003); Lyashenko v. United States*, 41 Fed. Cl. 626, 629 (1998); *Weiner v. United States*, 15 Cl. Ct. 43, 46 (1988).

Plaintiffs' complaint is barred by the six-month jurisdictional time constraint imposed by § 6532(a)(1). According to the allegations in the complaint, plaintiffs filed their claims for refund with the IRS on February 9, 2006. They filed their complaint in this Court on February 10, 2006. Consequently, it is plain that plaintiffs did not wait the required six-month period. In light of the clear mandate of § 6532(a)(1), this Court lacks subject matter jurisdiction over plaintiffs' claims for refund of excise tax until six months have passed. Accordingly, the complaint should be dismissed without prejudice.

Plaintiffs nevertheless argue that through Notice 2005-79, 2005 WL 2671273, the IRS has "denied" plaintiffs' refund claims. Section 6532(a)(1), however, specifically provides that a notice of disallowance is valid only if the IRS mails the notice by certified or registered mail. *Thomas v. United States*, 166 F.3d 825 (6th Cir. 1999). The IRS Notice was not specific to any taxpayer, and there is no evidence that the IRS mailed it to plaintiffs by certified or registered mail. Moreover, the Notice only provides that any claims for refund of communications excise tax, "including claims for which appellate venue would lie in the United States Court of Appeals for the Eleventh Circuit, will not

be processed while there are pending cases in other United States Courts of Appeals." Since the IRS has no statutory duty to process refund claims, a simple pronouncement by the IRS that it *will not process* a particular type of refund claim hardly constitutes the processing and formal denial of such a claim. As in any case, until the IRS either rules on a claim for refund, or six months passes without a ruling, a taxpayer may not file a refund claim in court.[5]

The premature filing of a complaint deprives the IRS of the opportunity to examine a claim for refund before judicial intervention. Here, the IRS notice holds open the possibility of a change in circumstances, because it provides that excise tax claims will not be processed while there are pending appellate cases. It does not state that such claims will never be processed. If events were to unfold so that no appellate cases were pending, the IRS could resume examining excise tax refund claims. Again, plaintiffs' premature filing of this complaint strips the IRS of the opportunity to examine plaintiffs' claims if circumstances were to change during the six-month statutory period provided by § 6532(a)(1). Accordingly, the Court must dismiss plaintiffs' Third Claim for Relief without prejudice.

[5] In any event, the IRS is free to rescind the Notice and begin examining claims for refund of excise tax, including those filed by plaintiffs.

B. <u>At all events, plaintiffs have failed to state a cause of action with respect to their request for a writ of mandamus and declaratory judgment</u>

Plaintiffs' complaint seeks certain equitable relief from the Court in addition to the claims for refund of communications excise tax. While it is clear that the Court lacks jurisdiction over the tax refund claims at this juncture because the complaint was filed prematurely, plaintiffs will be able to re-file their complaint with respect to the refund claims once the requisite six months have elapsed. The passage of time, however, will not remedy the defects in plaintiffs' request for a writ of mandamus and declaratory judgment. Thus, plaintiffs' request for such equitable relief must be dismissed with prejudice.

In the First Claim for Relief, plaintiffs seek a writ of mandamus compelling the Commissioner of the IRS to perform certain acts relating to the communications excise tax. Only federal district courts, however, have original jurisdiction over actions in the nature of mandamus to compel an officer or employee of the United States or any agency to perform duties that may be owed to a plaintiff. 28 U.S.C. § 1361. The Court of Federal Claims has no jurisdiction to issue an order of mandamus based on its limited jurisdictional grant under 28 U.S.C. § 1491. *Alford v. United States*, 3 Cl. Ct. 229, 230 (1983). Accordingly, this Court lacks jurisdiction to issue the writ of mandamus requested by plaintiffs and the First Claim for Relief must be dismissed with prejudice.

In the Second Claim for Relief, plaintiffs seek a declaratory judgment providing that the IRS has improperly collected the excise tax and that its continued collection of the excise tax is improper. The United States Supreme Court has made clear that this Court has no general authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, to issue declaratory judgments and this Court only has limited authority in statutorily authorized instances to grant such equitable relief. *United States v. King*, 395 U.S. 1, 5 (1969)("There is not a single indication in the Declaratory Judgment Act or its history that Congress, in passing that Act, intended to give the Court of Claims an expanded jurisdiction that had been denied to it for nearly a century."). *See also* *Betz v. United States*, 40 Fed. Cl. 286 (1998), *appeal dismissed*, 155 F.3d 568 (Fed. Cir. 1998); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

The few narrow circumstances in which the Court of Federal Claims may issue a declaratory judgment do not exist in this case.[6] *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998). Moreover, the declaratory judgment sought by plaintiffs runs afoul of the Anti-Injunction Act. The language of that statute states explicitly that "no suit for the purpose of restraining the assessment or collection

[6] For example, this Court has jurisdiction to issue a declaratory judgment and injunctive relief under 28 U.S.C. § 1491(b)(2) in bid protest cases and to issue a declaratory judgment in actions under 26 U.S.C. § 7428 regarding the classification of an entity pursuant to 26 U.S.C. §§ 501(c)(3), 509, 4942(j)(3)), and 1508 (adjustment of partnership items). 28 U.S.C. § § 1507.

of any tax shall be maintained in any court by any person * * *." § 7421(a). The limited exceptions to this prohibition enumerated in the statute are inapplicable to the plaintiffs' request for declaratory judgment this case. Accordingly, this Court has no jurisdiction to grant plaintiffs' request for declaratory judgment in this case.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss should be granted and plaintiffs' First and Second Claims for Relief in this action should be dismissed with prejudice and plaintiffs' Third Claim for Relief should be dismissed without prejudice.

Respectfully submitted,

s/G. Robson Stewart
G. ROBSON STEWART
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNER
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief
Court of Federal Claims Section

April 10, 2006

s/Steven I. Frahm
Of Counsel